(Reap. Dec. 10979)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry No. 20914.

(Decided May 13, 1965)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: This appeal for reappraisement is before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is incorporated herein:

1. That on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, where the invoice unit values plus the f.o.b. charges set out on the invoices, but not including the buying commission on said merchandise.

2. That all of the merchandise covered by all of the appeals for reappraisement the subject of this stipulation was entered subsequent to February 27, 1958.

3. That as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule

of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, 93 Treas. Dec. 14, issued January 20, 1958, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress that there was no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

4. That the footwear covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases is unlike any articles manufactured or produced in the United States.

5. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(b) or 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that said value is represented by the invoice unit values, plus f.o.b. charges set out on the invoices, but not including the buying commission.

Judgment will be rendered accordingly.